# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LMD Holdings, LLC, *et ano.*,[1]<br><br>        Debtors. | Case No. 25-47214<br>Chapter 11<br>Hon. Paul R. Hage<br><br>(Jointly Administered) |

**ORDER (I) ESTABLISHING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION AND A SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (III) SETTING CERTAIN DATES AND DEADLINES IN CONNECTION THEREWITH, (IV) APPROVING THE FORM OF THE ASSET PURCHASE AGREEMENT, INCLUDING THE STALKING HORSE BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF**

Upon the motion [Doc. No. 100] (the "Motion")[2] of the Debtors (A) for an order (this "Order" or the "Bidding Procedures Order"): (I) approving the proposed auction and bidding procedures (the "Bidding Procedures"), to be employed in connection with the proposed sale (the "Sale") of the Debtors' assets (collectively, the "Assets"); (II) approving the form of that certain Asset Purchase Agreement together with all related documents and agreements as well as all exhibits, schedules, and addenda thereto (the "APA"); (III) establishing procedures for the assumption

---

[1] The Debtors in these jointly administered proceedings are LMD Holdings, LLC (Case No. 25-47214) and Luca Mariano Distillery, LLC (Case No. 25-51472).

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion, the Bidding Procedures, or the APA, as applicable.

and assignment of executory contracts and unexpired leases; (IV) approving the form and manner of notice of the Sale, the notice of assumption and assignment of executory contracts and unexpired leases, including the form and manner of notice of proposed cure amounts (the "Cure Notice") and the other notices set forth herein; (V) scheduling an auction (the "Auction") and a hearing (the "Sale Hearing") to consider approval of the Sale and (VI) granting related relief (collectively, (A)(I) through (VI) above, the "Bidding Procedures Relief"); and (B) for an order (the "Sale Order") authorizing (I) the Sale of the Assets to the bidder or bidders with the highest or otherwise best bid(s) (the "Successful Bidder") pursuant to the APA, in each case free and clear of all liens, claims, encumbrances and interests other than Assumed Liabilities as provided therein; and (II) the Debtors' assumption and assignment of the applicable executory contracts and/or unexpired leases to the Successful Bidder; and the Court having considered that portion of the Motion seeking the Bidding Procedures Relief, and the arguments of counsel made and the evidence adduced, at the hearing on that portion of the Motion (the "Bidding Procedures Hearing"); and due and sufficient notice of the Bidding Procedures Hearing and the relief sought therein having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and all objections thereto (the "Objections") and it appearing that the Bidding Procedures Relief requested in the Motion is in the

best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

**FOUND, CONCLUDED AND DETERMINED THAT:**[3]

A.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested in the Motion are, *inter alia*, sections 105, 363, 365, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, 6006, 9006, 9007 and 9014 and Local Rules 6004-1 and 9014-1.

B.      The relief granted herein is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

C.      The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, Bid Protections, the Assumption and Assignment Procedures, the form and manner of the Sale Notice, the Cure

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Notice and the other notices of the Motion, the Auction, and the Sale Hearing as set forth herein, (ii) set the date for the Auction, the Sale Hearing and the other dates set forth herein, and (iii) grant the relief requested in the Motion as provided herein.

D. Due, sufficient and adequate notice of the Bidding Procedures Hearing and the relief granted in this Order has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion and the relief requested in the Motion for which approval was sought at the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004, and 6006, and no other or further notice of, or hearing on, this Order and that portion of the Motion being approved hereby is required.

E. The Debtors' Sale Notice [Doc. No. 137] and other notices contemplated hereunder with respect to the Sale, the Auction and the Sale Hearing are appropriate and reasonably calculated to provide all interested parties with timely and proper notice thereof and no further notice of each is necessary or required.

F. The Bidding Procedures [Doc. No. 136] are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Debtors' estates in connection with the Sale.

G.     The Bid Protections, to the extent payable under the Stalking Horse APA, must be (i) an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code, (ii) of substantial benefit to the Debtors' estates, (iii) reasonable and appropriate, including in light of the size and nature of the transaction and the efforts that have been and will be expended by the Stalking Horse Bidder, (iv) negotiated by the parties and their respective advisors at arm's-length and in good faith, and (v) necessary to ensure that the Stalking Horse Bidder will continue to pursue the proposed Sale of the Assets.

H.     The Assumption and Assignment Procedures are reasonable and appropriate.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion is GRANTED to the extent set forth herein.

2.     Any objection to the portions of the Motion seeking approval of the Bidding Procedures Relief or any other relief granted in this Order, to the extent not resolved, waived, or withdrawn, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3.     The APA is hereby approved and is appropriate and reasonably calculated to enable the Debtors and other parties in interest to easily compare and contrast the differing terms of the bids presented at the Auction.

## Bidding Procedures

4.     The Bidding Procedures are hereby approved.  In the event of any inconsistency between the Bidding Procedures and any other pleading, order, or document, including this Order, the terms of this Order shall control. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.  The failure to specifically include or reference any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

## The Bid Deadline

5.     As further described in the Bidding Procedures, a potential Bidder who desires to make a Bid for the Assets shall deliver its Bid that satisfies the bidding requirements set forth in the Bidding Procedures to:  (a) counsel to the Debtors, Stevenson & Bullock, PLC, Attn: Elliot Crowder, 26100 American Drive, Suite 500, Southfield, MI 48034 and Robert N. Bassel, P.O. Box T, Clinton Township, MI 49236; (b) counsel to SummitBridge National Investments VIII LLC ("SummitBridge"), FBT Gibbons LLP, Attention: Ronald E. Gold, 3300 Great American Tower, 301 East 4th Street, Cincinnati, Ohio 45202, (c) counsel to Farm Credit Leasing Services Corporation ("FCL"), Warner Norcross + Judd LP, Attn: Elisabeth M. Von Eitzen, 180 E Water Street, Ste. 7000, Kalamazoo, MI 49007, and

(d) counsel to Farm Credit Mid-America ("FCMA"), Dentons, Attn: James R. Irving, 101 South Fifth Street, Louisville, KY 40202 (collectively, the "Consultation Parties"), so as to be received by no later than **4:00 p.m. (Eastern Time) on February 27, 2026** (the "Bid Deadline").

6.     To the extent any party submits a Bid (including a Credit Bid that is either revocable or subject to amendment) for any Assets, they shall not be a Consultation Party.  In the event that a former Consultation Party subsequently revokes or withdraws its Bid, upon such withdrawal or revocation, it may once again be deemed a Consultation Party.

**Notices of Sale, Bidding Procedures, Bid Protections and the Sale Hearing**

7.     The notices described below are hereby approved, and service or publication thereof (as applicable) as set forth herein constitutes proper, timely, adequate, and sufficient notice of the Sale, the Bidding Procedures, the Bid Protections, and the Sale Hearing, and no other or further notice is required.

8.     Within three (3) business days after the entry of this Order, or as soon thereafter as practicable (the "Mailing Date"), the Debtors shall serve a copy of the Sale Notice (as defined below), this Order, and the Bidding Procedures by first-class mail, postage prepaid, or by email, where available, upon: (a) all entities known to have expressed a *bona fide* interest in purchasing any of the Assets at any time and such other parties identified by the Consultation Parties prior to the date hereof; (b)

all entities known to have asserted any lien, claim or encumbrance in or upon any of the Assets; (c) all federal, state, and local, regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion; (d) the Office of the United States Trustee; and (e) all persons and entities that have filed a request for service of filings in this case pursuant to Bankruptcy Rule 2002.

9. On the Mailing Date, or as soon thereafter as practicable, the Debtors shall serve by first-class mail, postage prepaid, the notice of the Sale, substantially in the form attached as **Exhibit 5** to the Motion (the "Sale Notice"), upon all other known creditors of the Debtors and all counterparties to the Debtors' executory contracts and unexpired leases.

10. The Debtors shall publish a notice, substantially in the form of the Sale Notice, on one occasion, in a national publication, such as the Wall Street Journal, on the Mailing Date or as soon as practicable thereafter. Such publication notice shall be deemed sufficient and proper notice of the Sale to any other interested parties whose identities are unknown to the Debtors.

11. The Sale Hearing to approve the Sale shall be held on **March 10, 2026, at 11:00 AM (Eastern Time)**, at the United States Bankruptcy Court for the Eastern District of Michigan, 211 W. Fort St., Detroit, Michigan 48226, courtroom 1925, before the Honorable Paul R. Hage.

12. Objections, if any, to the relief sought in the Sale Order ("Sale Objection(s)")[4] shall be in writing, filed with the Clerk of this Court (the "Clerk"), 211 W. Fort St., Detroit, Michigan 48226, together with proof of service, and served so as to be received, on or before **March 5, 2026 (the "Sale Objection Deadline")**.

13. Failure to file and serve a Sale Objection by the Sale Objection Deadline as set forth herein shall be deemed to be consent to the Sale for purposes of section 363(f) of the Bankruptcy Code.

14. The Sale Hearing may be adjourned by the Debtors, after consulting with the Consultation Parties, from time to time without further notice to creditors or other parties in interest other than by filing a notice on the docket of the Debtors' chapter 11 case.

### **The Auction**

15. The Debtors are authorized, if necessary, to conduct an auction (the "Auction") with respect to the Assets. The Auction, if necessary, shall take place on **March 2, 2026 at 10:00 A.M. (Eastern Time)** at the offices of Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500, Southfield, MI 48034 and virtually with instructions provided by the Debtors, or such other place and time as the Debtors shall notify all Qualified Bidders, the Consultation Parties, and their

---

[4] Procedures for filing objections to the assumption and assignment of relevant executory contracts and unexpired leases are addressed below.

respective counsel and advisors. The Debtors are authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

16. Only the Debtors, the Consultation Parties, and all Qualified Bidders, in each case, along with their respective counsel and advisors, a representative of Keystone, a representative from Doss & Horky, a representative from Insulation Solutions, LLC and Schardein Mechanical Contractors, Inc., and the UST, may attend the Auction (such attendance to be in person or virtually) and only Qualified Bidders will be entitled to make any Bids at the Auction. The Debtors and their professionals shall direct and preside over the Auction, and the Auction shall be transcribed.

17. All Qualified Bidders participating in the Auction must confirm that they have (a) not engaged in any collusion with respect to the bidding or Sale of any of the Assets, (b) reviewed, understands, and accepts the Bidding Procedures, and (c) consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

18. Subject to the rights of parties in interest to (i) challenge the Sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process,

(iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such parties may have under applicable law, the Debtors may, after consulting with the Consultation Parties, (a) determine, in its business judgment, pursuant to the Bidding Procedures, which Qualified Bid is the highest or otherwise best proposal for the Assets (the "Successful Bid" and which is the next highest or otherwise best proposal for the Assets (the "Backup Bid") and (b) reject any bid that, in the Debtors' business judgment, is (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Bidding Procedures, or (z) contrary to the best interests of the Debtors and its estate, creditors, interest holders, or other parties-in-interest.

### The APA and Bid Protections

19.     Any obligations of the Debtors set forth in the APA that are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order are authorized as set forth herein.

20.     Pursuant to sections 105, 363, and 503 of the Bankruptcy Code, the Debtors are hereby authorized to pay the Stalking Horse Bid Protections pursuant to and subject to the terms and conditions set forth in the APA if authorized by further Court order.

21.     In the event that the Debtors, in consultation with the Consultation Parties, enter into a Stalking Horse APA with a Stalking Horse Bidder, the Debtors shall file by the Stalking Horse Selection Date a notice and proposed form of order with the Court (the "Stalking Horse Notice") and serve the Stalking Horse Notice on (a) the Stalking Horse Bidder, (b) the Office of the United States Trustee, (c) the Consultation Parties and (d) all persons and entities that have filed a request for service of filings in this chapter 11 case pursuant to Bankruptcy Rule 2002. The Stalking Horse Notice shall: (i) set forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor); (ii) set forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iii) state whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid; (iv) specify any proposed Bid Protections (including the amount and calculation thereof); (v) attach the Stalking Horse APA, including all exhibits, schedules and attachments thereto; and (vi) specify the Assets to which the Stalking Horse Bid relates. If a party files a timely objection to the Stalking Horse Notice, the Court shall hold a hearing as soon thereafter as the Court is available.  The Stalking Horse Notice shall be filed on or before February 9, 2026 (the "Stalking Horse Selection Date").

22.    If a Stalking Horse Bidder is selected by the Debtors by the Stalking Horse Selection Date, the Debtors may provide the Stalking Horse Bidder with a break-up fee and expense reimbursement in the amount of cash equal to no more than $100,000 of actual and documented expenses incurred, including legal and professional fees set forth in the Stalking Horse Bid, excluding any applicable Cure Amount (the "Stalking Horse Bid Protections").

23.    Subject to further Order of the Court, the Stalking Horse Bid Protections may be approved based upon a sound exercise of the Debtors' business judgment and a finding of substantial value that a Stalking Horse Bid will create for the bankruptcy estates.

24.    If authorized, the Stalking Horse Bid Protections shall be the sole remedy of the Stalking Horse Bidder if the APA is terminated under circumstances where the Stalking Horse Bid Protections are payable.

25.    Objections, if any, to the Stalking Horse Notice may be filed on or before February 16, 2026 and/or raised at the hearing, which will be held before the Court on February 17, 2026 at 11:00 AM.

## **Assumption and Assignment Procedures**

26.    The Assumption and Assignment Procedures as set forth in the Motion are hereby approved and made part of this Order as if fully set forth herein.  The

Assumption and Assignment Procedures are appropriate and fair to all non-debtor counterparties and comply in all respects with the Bankruptcy Code.

**a.    Cure Notice**

27.    The Cure Notice [Doc. No. 138] is (i) reasonably calculated to provide sufficient effective notice to all non-debtor counterparties to assumed and assigned contracts or leases and any other affected parties of the Debtors' intent to assume and assign some or all of such contracts or leases and to afford the non-debtor counterparty to each such contract or lease the opportunity to exercise any rights affected by the Motion pursuant to Bankruptcy Rules 2002, 6004, and 6006, and (ii) hereby approved.

28.    The inclusion of a contract on a Cure Notice shall not constitute or be deemed a determination or admission by the Debtors, the Buyer, any Successful Bidder, or any other party in interest that such contract is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code or that such contract or lease will be assumed in connection with the Sale of the Assets. The Debtors reserve all rights, claims and causes of action with respect to the contracts or leases listed on the Cure Notice.

29.    Within five (5) business days after the entry of this Order, or as soon thereafter as is practicable, the Debtors shall file with this Court and serve the Cure Notice on each counterparty to an executory contract or unexpired lease related to

the Assets, which Cure Notice shall: (i) state the cure amounts, if any, that the Debtors believe are necessary to assume such contracts or leases pursuant to section 365 of the Bankruptcy Code (the "Cure Amount"); (ii) notify the non-debtor counterparty that such party's contract or lease may be assumed and assigned to a Successful Bidder of the Assets at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing, or at a later hearing, as determined by the Debtors; and (iv) state the deadline by which the non-debtor counterparty shall file an objection to the Cure Amount(s) or to the assumption and assignment of the applicable contract(s) and/or lease(s).

30. Any objection to the Cure Amount or the assumption and assignment of the applicable contract(s) and/or lease(s) (exclusive of the Successful Bidder's adequate assurance of future performance which any such objection shall be filed by the Sale Objection Deadline) must be filed with the Clerk and served on the Consultation Parties so as to be received on or before the date that is 14 days after service of the Cure Notice (the "Cure Objection Deadline"). Any such objection must also state (i) the basis for such objection and (ii) with specificity what Cure Amount(s) the non-debtor counterparty to the relevant executory contract(s) or unexpired lease(s) believes is required (in all cases with appropriate documentation in support thereof).

31. Any objection solely to the Cure Amount(s) may not prevent or delay the Debtors' assumption and assignment of assumed and assigned contract(s) or lease(s). If a party objects solely to Cure Amount(s), the Debtors may, with the consent of the relevant Successful Bidder, hold the claimed Cure Amount(s) in reserve pending further order of the Court or mutual agreement of the parties. So long as the Cure Amount(s) are held in reserve, and there are no other unresolved objections to assumption and assignment of the applicable assumed and assigned contract(s) or lease(s), the Debtors can, without further delay, assume and assign such contract(s) or lease(s) to the applicable Successful Bidder. Under such circumstances, the objecting non-debtor counterparty's recourse is limited to the funds held in reserve.

32. If no objection to the Cure Amount(s) is timely received, the Cure Amount(s) set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary in any assigned contract(s) or lease(s) or other document(s) as of the date of the Cure Notice.

**b.    Designation of Contracts/Leases and Adequate Assurance of Future Performance**

33. As soon as reasonably practicable after receiving the schedule from each Qualified Bidder of those executory contracts or unexpired leases it wishes to assume (the "Buyer Designated Contracts"), and no later than two (2) business days prior to the Auction, the Debtors shall file such schedule with the Clerk of the

Bankruptcy Court. As soon as reasonably practicable after receiving the schedule from each Qualified Bidder of those executory contracts or unexpired leases it wishes to assume and have assigned to it, if any, and no later than March 1, 2026, the Debtors shall provide evidence to each executory contract or unexpired lease counterparty that each Qualified Bidder has the ability to comply with the requirements of adequate assurance of future performance; provided that any such evidence that constitutes nonpublic information shall be provided on a confidential basis. All Qualified Bidders are deemed to consent to the transmission of such evidence of adequate assurances of future performance on a confidential basis to counsel for the applicable executory contract or unexpired lease counterparties via email with such information to be used only for purpose of assessing the applicable Qualified Bidder.

34. To the extent that any non-debtor counterparty wishes to object to the adequate assurance of future performance by the Buyer or another Qualified Bidder under the applicable executory contract(s) or unexpired lease(s), then such non-debtor counterparty shall file a written objection with the Court and serve on the Consultation Parties and the applicable Qualified Bidder(s) so that such objection is received on or before the Sale Objection Deadline.

35. To the extent that any non-debtor counterparty does not timely file and serve an objection as set forth above, such counterparty will be: (i) deemed to have

consented to the Cure Amount(s), if any, set forth in the Cure Notice; (ii) barred, estopped, and enjoined from asserting any additional Cure Amount(s) under the assumed and assigned executory contract(s) or unexpired lease(s); (iii) barred from objecting to the assumption and assignment of the applicable assumed and assigned executory contract(s) or unexpired lease(s) to the Successful Bidder; and (iv) barred from objecting to adequate assurance of future performance by the Successful Bidder.

### **Related Relief**

36.     The Debtors are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established by this Order.

37.     This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

38.     The Debtors are authorized to proceed with the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

39.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustees or other fiduciary appointed for the Debtors' estates.

40.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

41. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

42. Notwithstanding anything to the contrary herein, Doss & Horky and Keystone Industrial, LLC ("Keystone") reserve all of their respective rights to object to (i) any bid submitted in connection with any sale or sales of the assets of the Debtors in this Bankruptcy Case, (ii) any sale presented to this Court for approval in this Bankruptcy Case, and (iii) the allocation of the purchase price in connection with any sale of assets of the Debtors that is approved by this Court in this Bankruptcy Case. Provided, however, Doss & Horky and Keystone agree they will not object to the rights of SummitBridge, FCMA, and FCL to submit credit bids pursuant to section 363(k) of the Bankruptcy Code in connection with any such sale or sales.

43. Debtors' chief restructuring officer ("CRO") will provide updates as reasonably requested at a mutually convenient day, time, and manner, on at least a weekly basis, to Keystone, Doss & Horky, and/or the Consultation Parties regarding marketing activities and the sale process and respond to reasonable requests for information regarding the sale process.

44. Any credit bid submitted to the Debtors shall be limited to only the collateral to which such secured creditor holds a valid secured claim. Provided however, that a secured creditor may submit a combined (x) credit bid with respect

to its collateral, (y) a cash bid with respect to assets or collateral, and/or (z) a bid that assumes obligations of the Debtors and provides for the assumption and assignment of contracts and leases and the payment of applicable cure costs, if any.

45.     Each of FCL and FCMA shall have the right to submit a credit bid up until one (1) day following the Bid Deadline; provided, however, that FCL and FCMA may each submit additional credit bids at the Auction in the event that a Bidder materially and negatively impacts the purchase price allocation with respect to assets or collateral to which FCL or FCMA each respectively holds a secured claim.

**Signed on January 14, 2026**



/s/ Paul R. Hage
_____
**Paul R. Hage**
**United States Bankruptcy Judge**